**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL JEFFREYS,                          :   Civil No.: 07-4553 (RMB)
                                        :
            Plaintiff,                  :
                                        :
            v.                          :   **O P I N I O N**
                                        :
BURLINGTON COUNTY JAIL,                 :
et al.,                                 :
                                        :
            Defendants.                 :

**APPEARANCES:**

Paul Jeffreys, Pro Se
#46166
Burlington County Detention Center
54 Grant Street, P.O. Box 6000
Mt. Holly, NJ 08060-6000

**BUMB**, District Judge

    Plaintiff, Paul Jeffreys, currently confined at the Burlington County Detention Center, Mt. Holly, New Jersey seeks to reopen this civil rights action alleging violations of his constitutional rights in forma pauperis, pursuant to 28 U.S.C. § 1915.[1]

---

[1] Petitioner previously submitted the complaint but did not include the filing fee or a complete application to proceed in forma pauperis. Thus, his case was administratively terminated on September 28, 2007. Plaintiff now submits an Amended Complaint and a complete application to proceed in forma pauperis.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this review.

Plaintiff names approximately 15 defendants in this action. Of those 15, 12 are attorneys and court personnel involved with his criminal case. He also seeks to sue the Burlington County Jail, Dr. Evans, and Warden Joel E. Cole.

Plaintiff states that Dr. Evans, the "head practitioner" at the jail, and Warden Cole have denied Plaintiff proper medical care in violation of the Eighth Amendment. He states that Dr. Evans is denying him eye care and care for a wrist injury. Plaintiff states that he has a "stigma called 'hypertension ocular." He states his eyes are deteriorating and are not being treated.[2]

---

[2] The Court notes that in Plaintiff's original complaint, Plaintiff provided more detail regarding his eye injury. Plaintiff stated that for two years he has been trying to obtain eye glasses because his last pair were accidentally broke by officers. Plaintiff's eye doctor prior to his incarceration told

With regard to his wrist injury, Plaintiff states that he was injured in July 2007, and that he has a lump on his wrist. Dr. Evans told him that he was going to send him to a specialist, but he has not done so, and is not treating the injury. Dr. Evans discontinued an order for Plaintiff to receive Extra Strength Tylenol. Plaintiff states that there is a lump on his wrist that is getting bigger and that he is in constant pain. He was told by a nurse that he will not receive care for the wrist injury unless it is an emergency. Plaintiff states that he was told that the medical department is trying to cut costs.

The remaining defendants are being sued for prosecuting Plaintiff on an offense for which he was never arraigned or indicted, for issuing fraudulent "true bills", and for ineffective assistance of counsel.

---

Plaintiff's mother that it is "imperative" that he get immediate eye care because of his stigmatism and "hypertension ocular." Upon his detention in Burlington County Jail, Plaintiff requested glasses but was told that he would have to put $250 in his inmate account before receiving eyeglasses. Plaintiff constantly complained and inquired about needing glasses and pain relievers for "severe headaches." Plaintiff was told that there was no eye care provider at the Jail because the Jail failed to make timely payments. Plaintiff alleges that his vision is deteriorating, his blurred eyesight has increased, his long range vision has worsened, and after 1½ hours his focus starts to fade, which makes him fear he is losing his eyesight. His eyeballs spasm out of control and "it feels like something is going to rupture inside of them." He gets severe headaches which he thinks are due to his eye issues. For two years Plaintiff has attempted to get the eyeglasses to no avail.

Plaintiff previously filed a habeas petition under 28 U.S.C. § 2254, which was dismissed by this Court for failure to exhaust state court remedies. See Jeffreys v. NJ, 07-3940 (RMB). Plaintiff raised these issues in that petition.

## DISCUSSION

**A.    Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under

color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Medical Claims Will Proceed.**

Plaintiff seeks to sue Dr. Evans and the Warden for violating his right to medical care, guaranteed by the Eighth Amendment.  As described above, Plaintiff states that he has an eye condition and a wrist injury, both of which the Jail has refused to treat.

With regard to Plaintiff's medical care claims, the Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.[3]  See Estelle v. Gamble, 429 U.S. 97, 103-04

---

[3]  It is unclear whether Plaintiff was a pretrial detainee, convicted but unsentenced prisoner, or sentenced prisoner at the time the violations occurred.  Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment and convicted prisoners are protected by the Eighth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979); City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983); Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  With respect to medical care and prison conditions, however, pretrial detainees retain at least those constitutional rights enjoyed by convicted persons.  Here, Plaintiff's allegations are sufficient to state a claim for "punishment" in violation of the Fourteenth Amendment.  Moreover, as the requirements of the Eighth Amendment set a "floor" for analysis of Fourteenth Amendment due process claims, it is worth noting that the deliberate actions of refusing medical treatment to an inmate with a serious medical need would constitute violations of the Eighth Amendment prohibition against cruel and unusual punishment.  See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994);

(1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

In the instant case, it appears that Plaintiff has stated medical care claims sufficient to withstand sua sponte dismissal. Defendants Evans and Cole will be ordered to answer these claims.

**D.   Plaintiff's Remaining Claims Will Be Dismissed.**

1.   The Jail is Not a Person for Purposes of § 1983.

To begin, the Burlington County Jail is not a proper defendant in this § 1983 cases, because it is not a "person." See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional

---

Hudson v. McMillian, 503 U.S. 1 (1992); Estelle v. Gamble, 429 U.S. 97 (1976); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983). Therefore, the Jail will be dismissed from this case.

    2.   Claims Regarding Criminal Case are Premature.

Plaintiff states that he was never indicted and was coerced into pleading guilty. He seeks to sue various attorneys and court personnel for issuing fraudulent documents concerning his conviction. Plaintiff raised these issue in a habeas petition, which this Court found was unexhausted. That petition was dismissed without prejudice to Plaintiff re-filing it once his state court proceedings and challenges were completed. See Opinion, Jeffreys v. NJ, 07-3940 (RMB), docket entry 2. In this civil complaint, Plaintiff again raises these issues and asks for monetary relief for his unlawful incarceration.

In a series of cases beginning with Preiser v.Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment. See id. at 487. The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

Here, Plaintiff's request for monetary damages for alleged violations concerning his guilty plea challenges the fact of his

9

current confinement.  Thus, in accordance with Preiser, his claims must be brought in a habeas petition, pursuant to 28 U.S.C. § 2254, <u>after</u> exhaustion of state court remedies.  Likewise, Plaintiff's request for monetary damages is barred by Heck, until Plaintiff receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor.  Accordingly, Plaintiff's claim is not cognizable at this time and must, therefore, be dismissed.

    3.    <u>Alternatively, Prosecutors are Immune from Suit.</u>

The Court notes that prosecutors are immune from suit under section 1983.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983").

Therefore, the claims against defendants Mosgera, Lynch, Luciano, Brenan, and Westfall will be dismissed, as these prosecutor defendants are immune from suit.

    4.    <u>Alternatively, Public Defenders, Pool Attorneys, and Private Counsel are not "Persons" for Purposes of § 1983.</u>

Further, public defenders are not "state actors" for purposes of § 1983 claims.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of

state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Therefore, the claims against defendant attorneys Harris, Friedman, Olsen, and Poindexter must be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's case will be reopened, and his medical care claims will be permitted to proceed. All other claims will be dismissed. An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: December 7, 2007